**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ELIZABETH CACERES AGUILAR; ALEJANDRA YACEL AGUILERA CACERES, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-68 <br><br> Agency Nos.  A209-439-478 <br> A209-439-479 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023[**]
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and RAKOFF,[***] District Judge.

Maria Elizabeth Caceres Aguilar ("Caceres Aguilar") and her minor

daughter (collectively, "petitioners"), natives and citizens of El Salvador,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

petition this court for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We deny the petition in part and grant and remand in part for proceedings consistent with this disposition.[1]

1.      The absence of time and date information in the notice to appear ("NTA") did not divest the immigration court of jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc). Because the undated NTA was supplemented with a notice of hearing that complied with 8 C.F.R. § 1003.14(a), the immigration court had jurisdiction. *See Bastide-Hernandez*, 39 F.4th at 1193. We thus deny this aspect of the petition for review.

2.      The defective NTA did, however, affect petitioners' eligibility for voluntary departure. *See Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021) ("[A] noncitizen builds up physical-presence time under [8 U.S.C.]

---

[1] In light of our ruling, the motion to remand, Dkt. 33, is denied as moot.

§ 1229c(b)(1)(A) from the moment he enters the United States until the moment he receives a single document that provides him with all the information Congress listed in 8 U.S.C. § 1229(a).").  The IJ denied petitioners' application for voluntary departure solely on the basis of inadequate physical presence. Although petitioners did not challenge this determination before the BIA, doing so would have been futile.  *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) (noting that the exhaustion requirement does not apply where "the agency could not have given 'unencumbered consideration'" to an issue because "[t]he agency's rejection of that argument 'appear[ed] already set'" (second alteration in original) (quoting *Sun v. Ashcroft*, 370 F.3d 932, 942–43 (9th Cir. 2004))); *In re Mendoza-Hernandez*, 27 I. & N. Dec. 520, 529 (B.I.A. 2019) (en banc) (finding that a subsequent hearing notice perfects a deficient NTA and ends a noncitizen's period of physical presence in the United States), *abrogated by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).  Accordingly, we remand to the agency to make further findings and conclusions about petitioners' eligibility for voluntary departure.

3.　We also remand for further proceedings on the asylum and withholding of removal claims.  The BIA denied asylum and withholding on nexus grounds, and the government has requested remand on this issue in light of this court's recent decision in *Umana-Escobar v. Garland*, 62 F.4th 1223 (9th Cir. 2023).  Here, as in *Umana-Escobar*, the BIA reviewed the IJ's nexus determination for clear error.  *See id.* at 1231.  However, *Umana-Escobar* held

3

that "the BIA must review de novo whether a persecutor's motives meet the nexus legal standards." *Id.* Accordingly, "we remand the asylum and withholding of removal claims so that the BIA can apply the proper standard." *Id.*; *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) ("[W]here the BIA applies the wrong legal standard to an applicant's claim, the appropriate relief from this court is to remand for reconsideration under the correct standard . . . .").[2]

**PETITION DENIED IN PART AND GRANTED IN PART; REMANDED.[3]**

---

[2] Additionally, in evaluating nexus on remand, the BIA should bear in mind the difference between the nexus standards in the asylum and withholding contexts. The BIA's conclusion that the withholding claims necessarily fail given the failure of the asylum claims did not account for the fact that although withholding of removal has a more demanding standard of proof, there is a "*lighter standard* for the strength of the nexus" in the withholding context. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (emphasis added). "The difference between the motive standards matters, particularly in cases . . . in which the BIA's decision turns on its nexus determination." *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021).

[3] The parties shall bear their own costs.